RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0236P (6th Cir.)
File Name: 04a0236p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

TIME AUTO
TRANSPORTATION, INC., AND
TIME AUTO TRANSPORT, L.S.,
a single employer,

          *Petitioner/
Cross-Respondent,*

       *v.*

NATIONAL LABOR RELATIONS
BOARD,

          *Respondent/
Cross-Petitioner.*

Nos. 03-1194/1271

On Petition for Review and Cross-Application
for Enforcement of an Order of the
National Labor Relations Board.
Nos. 7-CA-43641-1; 7-CA-43641-2.

Argued: June 8, 2004

Decided and Filed: July 23, 2004

Before: MARTIN and SUTTON, Circuit Judges; QUIST,
District Judge.*

_____

## COUNSEL

**ARGUED:** William L. Hooth, COX, HODGMAN & GIARMARCO, Troy, Michigan, for Petitioner. Richard A. Cohen, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Respondent. James B. Coppess, AFL-CIO LEGAL DEPARTMENT, Washington, D.C., for Amicus Curiae. **ON BRIEF:** William L. Hooth, COX, HODGMAN & GIARMARCO, Troy, Michigan, for Petitioner. Richard A. Cohen, Aileen A. Armstrong, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Respondent. James B. Coppess, AFL-CIO LEGAL DEPARTMENT, Washington, D.C., for Amicus Curiae.

_____

## OPINION

_____

    BOYCE F. MARTIN, JR., Circuit Judge. Time Auto, as the name is used in this case, refers to Time Auto Transportation, Inc., and Time Auto Transport, L.S., which, the parties agree, together constitute a single employer. Time Auto employed Randy Hill and Ernest Blake, long-haul truck drivers, under separate independent contractor agreements. Time Auto concedes that it terminated their contracts based on Hill's and Blake's engagement in activities on behalf of Local 299, International Brotherhood of Teamsters, AFL-CIO—which, Time Auto concedes, is a labor organization within the meaning of section 152(5) of the National Labor Relations Act. 29 U.S.C. § 152(5). Hill and Blake filed

_____

    *The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

charges with the National Labor Relations Board challenging their termination pursuant to provisions of the Act. An administrative law judge found that because Hill and Blake were "employees" under the definition provided in the Act, 29 U.S.C. § 152(3), then Time Auto's treatment and termination of Hill and Blake were in violation of sections 158(a)(1) and (3) of the Act. A Board majority affirmed that judgment.

On appeal, the parties stipulate that if this Court agrees that Hill and Blake are employees of Time Auto, and not independent contractors, then Time Auto is in violation of the Act. Thus, the sole issue before this Court is whether Hill and Blake were "employees" as defined in section 152(3), or whether they were independent contractors within the meaning of the 1947 amendment that provides that "[t]he term 'employee' . . . shall not include . . . any individual having the status of an independent contractor. . . ."

## I

Hill and Blake operated equipment, which they leased from Time Auto pursuant to formal lease agreements, on a full-time basis. When they entered into the agreements to lease the equipment, both drivers were required to make down payments, as well as substantial monthly payments, which they would forfeit if they were terminated for inadequate performance. Hill and Blake had no exclusive territory or customers, and instead serviced the requests of Time Auto according to a Time Auto dispatcher's directions. If the drivers received no direction, then they were ordered to wait, rather than work independently for individual profit. The equipment-lease and independent contractor agreements were terminable at will on five days notice without cause.

According to the testimony of Hill and Blake, and as found by the Board, this "power of termination . . . was amplified by the fact that the drivers began with substantial $10,000 down payments on their equipment, and made substantial monthly

payments, all of which they stood to lose if they did not perform up to company expectations." Also, the Board found that Time Auto expected drivers to meet assigned delivery dates and times even if doing so required violating federal restrictions. Blake testified that every driver understood that if he did not meet these demands then the dispatchers would "starve [the driver] out"—i.e., not give any assignments — and Hill testified that Time Auto instructed him to "keep [his] logs"—i.e., fabricate drive time in order to comply with federal regulations. Their assertions were supported by the testimonial evidence of Cynthia Morefield, a former office manager and controller for Time Auto. The administrative law judge determined that the statements of Hill, Blake, and Morefield were credible.

In affirming the decision of the administrative law judge, the Board conceded that as to ". . . the structure of Hill's and Blake's work relationship with [Time Auto], the balance tips in favor of finding independent contractor status[,]" but that "by demanding over-limit drive time and backing that demand with a threat of job loss, [Time Auto] sought to exercise a degree of control over the manner of work performance that [the Board] finds inconsistent with independent contractor status." In the single dissent, a Board member stated that "numerous factors tend to support a finding of independent contractor status," and that

[Time Auto] . . . has done virtually everything possible to structure the relationship with the lease drivers in such a way as to make clear to all that they are independent contractors rather than employees. Indeed, it is difficult to see how, if Hill and Blake are not independent contractors, there could be any independent contractors among the drivers in the long-haul trucking industry.

Time Auto makes these same arguments on appeal, stating that the relationships between Time Auto and Hill and Blake were structured to be independent contractor relationships, "as reflected in the Independent Contractor Agreements and

Equipment Lease Agreements entered into by Hill and Blake."

Time Auto also asserts that Hill and Blake both operated through their own corporations (respectively, Four Hill's Auto Transportation, Inc., and Dimarlou Enterprise), that they could hire drivers to work for them, that they were paid on a percentage basis, and that they were responsible for all of the costs of operating, maintaining, and repairing their tractors and trailers. Time Auto made payments to these corporations rather than to Hill and Blake as individuals. Time Auto argues that "[t]o the extent that [it] exercised any control over Hill and Blake, such activity was directed solely at achieving the ends of performance and ensuring customer satisfaction. . . . In sum, Hill and Blake operated as the small, independent businesses they were."

## II

We sustain the findings and conclusions of the Board if they are "supported by substantial evidence on the record viewed as a whole." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 493 (1951). We also review the "Board's application of the law to particular facts under the substantial evidence standard." *Turnbull Cone Baking Co. v. NLRB*, 778 F.2d 292, 295 (6th Cir. 1985), *cert. denied*, 476 U.S. 1159 (1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). In analyzing whether Hill and Blake are employees or independent contractors, we apply the "right to control test," *NLRB v. United Ins. Co. of Am.*, 390 U.S. 254, 256 (1968); *Aetna Freight Lines, Inc. v. NLRB*, 520 F.2d 928, 930 (6th Cir. 1975), which requires us to consider the total factual context of employment. *Id*. As the Supreme Court has made plain, the determination of "employee" or "independent contractor" status requires an evaluation of "all incidents of the work relationship," with "no one factor being decisive." *United Ins.*, 390 U.S. at 258.

Our review of the record as a whole leads us to conclude that substantial evidence supports the Board's determination that Time Auto asserted such control over Hill and Blake as to make them its employees. While we have considered "all incidents of the work relationship," *id.*, we are particularly persuaded by the at-will nature of the contracts, the substantial down-payments made by Hill and Blake—recovery of which depends on employment by Time Auto—and Time Auto's instructions to disregard federal regulations. These factors constitute substantial evidence supporting the Board's determination that Hill and Blake are employees, not independent contractors. *See Aetna Freight Lines*, 520 F.2d at 930 (holding that "severe restrictions" on leasing, the use of lease terminations as discipline, the "carefully prescribed" time restrictions on deliveries, and the "'how to do it' directions covering other aspects of the driving operation" indicated heightened control over workers, thereby making them employees).

We recognize that other factors may arguably suggest a finding of independent-contractor status—e.g., Hill and Blake paid for their own expenses, received no company benefits, and could hire drivers to work for them. However, these factors are insufficient to undermine our conclusion that substantial evidence supports the Board's decision.

## III

For the foregoing reasons, we affirm the judgment of the Board.